1  JOSEPH G. DICKS, Bar No. 127362
2  LINDA G. WORKMAN, Bar No. 128621
   DICKS & WORKMAN, APC
3  750 B Street, Suite 2720
   San Diego, California 92101
4  Telephone: (619) 685-6800
   Facsimile: (619) 557-2735
5  Email: jdicks@dicks-workmanlaw.com

6  Attorneys for Plaintiffs
7  and the proposed class



E-filing FILED

JUL 2 3 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8

9              **UNITED STATES DISTRICT COURT**

10            **NORTHERN DISTRICT OF CALIFORNIA**

11                  **SAN JOSE DIVISION**

12  JOHN M. HIGDON, individually and on        Case No.   **C08   03526**
13  Behalf of All Others Similarly Situated,

14                Plaintiff,                    **CLASS ACTION COMPLAINT**

15  v.                                          **JURY TRIAL DEMANDED**

16
    AT&T CORP., a New York corporation;
17  BELLSOUTH CORPORATION dba AT&T             Complaint Filed:
    SOUTH, a Georgia corporation;              Trial Date:   None Set
18  BELLSOUTH TELECOMMUNICATIONS,
    INC. dba AT&T ALABAMA, AT&T
19  FLORIDA, AT&T GEORGIA, AT&T
    KENTUCKY, AT&T LOUISIANA, AT&T
20  MISSISSIPPI, AT&T NORTH CAROLINA,
    AT&T SOUTH CAROLINA, and AT&T
21  TENNESSEE, a Georgia corporation;
    ILLINOIS BELL TELEPHONE COMPANY
22  dba AT&T ILLINOIS, an Illinois
23  corporation; INDIANA BELL TELEPHONE
    COMPANY, INC. dba AT&T INDIANA, an
24  Indiana corporation; MICHIGAN BELL
    TELEPHONE COMPANY dba AT&T
25  MICHIGAN, a Michigan corporation;
26  NEVADA BELL TELEPHONE COMPANY
    dba AT&T NEVADA, a Nevada corporation;
27  THE OHIO BELL TELEPHONE
28  *(continued on next page)*



ORIGINAL

1  COMPANY dba AT&T OHIO, an Ohio
corporation; PACIFIC BELL TELEPHONE
2  COMPANY dba AT&T CALIFORNIA, a
California corporation; SOUTHERN NEW
3  ENGLAND TELECOMMUNICATIONS
4  COMPANY dba AT&T CONNECTICUT, a
Connecticut corporation; SOUTHWESTERN
5  BELL TELEPHONE COMPANY dba
AT&T SOUTHWEST, AT&T ARKANSAS,
6  AT&T KANSAS, AT&T MISSOURI,
7  AT&T OKLAHOMA, and AT&T TEXAS, a
Missouri corporation; WISCONSIN BELL,
8  INC. dba AT&T WISCONSIN, a Wisconsin
corporation; and DOES 1 through 250,
9  inclusive;

10           Defendants.

11

12

13     Plaintiff JOHN M. HIGDON ("Plaintiff"),individually and on behalf of the Class

14  described below, by their attorneys, make the following allegations based upon

15  information and belief, except as to allegations specifically pertaining to Plaintiffs and

16  their counsel, which are based on personal knowledge.  Plaintiffs bring this action for

17  injunctive relief and damages against Defendants, and each of them, demanding a trial

18  by jury.

19

20                          **NATURE OF THE ACTION**

21     1.     Plaintiffs bring this class action against AT&T for injunctive relief and

22  damages and other relief available at law and in equity on behalf of themselves and

23  members of the following class:

24          *All persons located within the United States who have*
*subscribed to AT&T's Caller ID service anytime from July*
25          *14, 2004, to the present.*

26

27

28

1      2.    AT&T is a major provider of local exchange telecommunications services

2 throughout the United States. It provides local exchange telecommunications service to

3 over 60 million access lines in 22 states.

4

5      3.    Throughout the proposed class period, AT&T has signed up hundreds of

6 thousands of subscribers for its "Caller ID" service based on its representation that

7 subscribers will generally see on the display windows of their phones the telephone

8 numbers and names of incoming callers whose identifying information is "available" to

9 AT&T. Millions of subscribers have paid approximately $7.95 per month to AT&T for

10 this service. AT&T promotes this service as a way for subscribers to manage and track

11 all of their incoming calls "so [they] can decide whether to take the call now or return

12 the call later."

13

14      4.    However, undisclosed and unbeknownst to its subscribers, AT&T regularly

15 elects **not to** provide its Caller ID subscribers with the names of incoming callers from

16 outside AT&T's telephone network though such information is readily available to

17 AT&T.  By paying a minimal fee (to other phone companies or third party data

18 providers) of generally less than 1 cent per query or DIP, AT&T could obtain and

19 provide to its subscribers the names of every non-blocked caller attempting to reach a

20 AT&T subscriber from outside of AT&T's network.  However, it is AT&T's

21 undisclosed policy and practice to selectively refuse to query or DIP these databases for

22 purely economic reasons. As a result, AT&T "saves" itself several million dollars in

23 fees per month, but its Caller ID subscribers regularly receive calls that are falsely

24 identified as coming from callers whose names are "unavailable" or "unknown."  In

25 short, AT&T's Caller ID subscribers are paying full price for "half-a-loaf."

26

27      5.    Thus, rather than be up front with customers and disclose its policy, AT&T

28 withholds this information from its subscribers and falsely represents that its Caller ID

1  subscribers will receive the names of incoming callers if such information is available

2  to AT&T.   Through this "bait and switch" tactic, AT&T has signed up millions of

3  Caller ID subscribers and has wrongfully taken several million dollars per month of

4  subscribers' payments without providing them with the service promised – i.e.,

5  providing them the names of the callers whose information is available to AT&T.

6

7  ## THE PARTIES

8      6.    Plaintiff HIGDON is a resident of Santa Clara County, California and is a

9  subscriber of AT&T's Caller ID feature.   Plaintiff HIGDON, as well as the other

10 members of the class alleged herein, has paid approximately $7.95 per month, either as

11 an added service, or as part of a bundled or premium service offering.

12

13     7.    Plaintiffs are informed and believe that defendant AT&T CORP. is a New

14 York corporation with its principal place of business located at One AT&T Way,

15 Bedminster, New Jersey 07921.

16

17     8.    Plaintiffs are informed and believe that defendant BELLSOUTH

18 CORPORATION is a Georgia corporation doing business as AT&T SOUTH, with its

19 principal place of business located at 2247 Northlake Parkway, Tucker, Georgia 30084.

20

21     9.    Plaintiffs are informed and believe that defendant BELLSOUTH

22 TELECOMMUNICATIONS, INC. is a Georgia corporation doing business as AT&T

23 ALABAMA, AT&T FLORIDA, AT&T GEORGIA, AT&T KENTUCKY, AT&T

24 LOUISIANA, AT&T MISSISSIPPI, AT&T NORTH CAROLINA, AT&T SOUTH

25 CAROLINA, and AT&T TENNESSEE, with its principal place of business located at

26 675 West Peachtree Street, Atlanta, Georgia 30375.

27 /////

28 /////

10.    Plaintiffs are informed and believe that defendant ILLINOIS BELL TELEPHONE COMPANY is an Illinois corporation doing business as AT&T ILLINOIS, with its principal place of business located at 225 West Randolph Street, Chicago, Illinois 60606.

11.    Plaintiffs are informed and believe that defendant INDIANA BELL TELEPHONE COMPANY, INC. is an Indiana corporation doing business as AT&T INDIANA, with its principal place of business located at 220 N. Meridian Street, Indianapolis, Indiana 46204.

12.    Plaintiffs are informed and believe that defendant MICHIGAN BELL TELEPHONE COMPANY is a Michigan corporation doing business as AT&T MICHIGAN, with its principal place of business located at 444 Michigan Avenue, Detroit, Michigan 48226.

13.    Plaintiffs are informed and believe that defendant NEVADA BELL TELEPHONE COMPANY is a Nevada corporation doing business as AT&T NEVADA, with its principal place of business located at 2600 Camino Ramon, San Ramon, California 94583.

14.    Plaintiffs are informed and believe that defendant THE OHIO BELL TELEPHONE COMPANY is an Ohio corporation doing business as AT&T OHIO, with its principal place of business located at 45 Erieview Plaza, Suite 1600, Cleveland, Ohio 44114.

15.    Plaintiffs are informed and believe that defendant PACIFIC BELL TELEPHONE COMPANY is a California corporation doing business as AT&T

1    CALIFORNIA, with its principal place of business located at 525 Market Street, San

2    Francisco, California 94105.

16.    Plaintiffs are informed and believe that defendant THE SOUTHERN NEW ENGLAND TELECOMMUNICATIONS COMPANY is a Connecticut corporation doing business as AT&T CONNECTICUT, with its principal place of business located at 227 Church Street, New Haven, Connecticut 06510.

17.    Plaintiffs are informed and believe that defendant SOTHWESTERN BELL TELEPHONE COMPANY is a Missouri corporation doing business as AT&T SOUTHWEST, AT&T ARKANSAS, AT&T KANSAS, AT&T MISSOURI, AT&T OKLAHOMA, and AT&T TEXAS, with its principal place of business located at One AT&T Plaza, 208 S. Akard, Dallas, Texas 75202.

18.    Plaintiffs are informed and believe that defendant WISCONSIN BELL, INC. is a Wisconsin corporation doing business as AT&T WISCONSIN, with its principal place of business located at 727 North Broadway, Milwaukee, Wisconsin 53202.

19.    Plaintiffs are informed and believe that, at all times mentioned herein, each of the defendants sued herein was (i) the agent of each of the remaining defendants and at all times acted within the purpose and scope of such agency and/or; (ii) acted in concert with each of the remaining defendants with respect to the unlawful actions described herein; and/or (iii) benefited from the unlawful actions described herein.

20.    The foregoing defendants identified in paragraphs 7 though 18 above will be referred to herein collectively as "AT&T."

21.   Plaintiffs do not know the true names or capacities of the persons or entities sued herein as DOES 1 to 250, inclusive, and therefore sue such defendants by such fictitious names.  Plaintiffs are informed and believe and thereon allege that each of the DOE defendants is in some manner legally responsible for the damages suffered by Plaintiffs and the members of the class as alleged herein.  Plaintiffs will amend this complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

## JURISDICTION AND VENUE

22.   Pursuant to 28 U.S.C. Section 1332, as amended by the Class Action Fairness Act of 2005, this Court has subject matter jurisdiction over this nationwide class action because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and some members of the Class are residents of, or entities formed under, states other than California.  (See 28 U.S.C. Section 1332(d)(2)(A).)

23.   This Court has personal jurisdiction over each defendant, and venue is proper in this district, pursuant to 28 U.S.C. Section 1391, subsections (a) and (c), because, among other things, Defendants have purposefully availed themselves of the privilege of conducting business activities in California, where they sell the products at issue in this lawsuit to Plaintiffs and other members of the proposed class.   Venue is also proper in this district, as the transactions at issue arose in this district and many class members are residents of this district.

## FACTUAL ALLEGATIONS

24.   AT&T sells telecommunications services to consumers throughout the United States.  AT&T has established a telecommunications network that provides local exchange telecommunications service to millions of consumers in 22 states.

/////

25.    One of the services AT&T offers to its local exchange telephone service customers is Caller ID.  Subscribers to AT&T's Caller ID service pay an added charge of approximately $7.95 for the added service, or in some cases as part of a bundled or premium service plan, in return for the promise that they will receive the telephone numbers and names of all incoming callers whose information is "available," (which includes those names not affirmatively "blocked" or made inaccessible by technological limitations).

26.    As AT&T's network is limited to providing local exchange service in 22 states and does not cover all states and regions within the United States, AT&T is well aware of the fact that many of the calls placed to Caller ID subscribers located within its local exchange service area or footprint will come from outside AT&T's network. There are many "CNAM" or "Calling Name Databases" (maintained either by other phone companies or third party aggregators) that keep the names of a vast array of non-AT&T telephone customers in the United States, including those states and regions outside of the AT&T network.  AT&T could pay a small amount, generally less than a penny per look-up (called a "query" or a "DIP"), to obtain the names of every non-blocked caller attempting to reach an AT&T subscriber from outside of AT&T's network.  However, it is AT&T's undisclosed policy and practice to selectively refuse to query or DIP these databases for purely economic reasons.

27.    The problem is AT&T does not disclose this policy or practice to its Caller ID subscribers.  Instead, pursuant to this policy, AT&T's Caller ID subscribers regularly receive calls in which the display window falsely states that the name is "unknown," "unavailable," or the like, when in fact such names are readily available to AT&T.  Thus, in a classic "bait-and-switch," AT&T promises that its Caller ID service will provide all available (and unblocked) names, but once a consumer subscribes, he or she is only provided the names of persons which are included in AT&T's databases, or

1  those which AT&T strategically decides to access from other databases. In short,

2  AT&T's Caller ID subscribers are paying full price for "half-a-loaf," while being

3  constantly deceived by display indicators falsely stating that the names of many of the

4  incoming callers are "unavailable" or "unknown."

5

6      28.    Because of AT&T's practice, its Caller ID subscribers have paid hundreds

7  of millions of dollars for a service of which they receive only a partial benefit due to

8  AT&T's undisclosed policy not to obtain all available names. As a result, AT&T has

9  wrongfully received and retained millions of dollars paid by its Caller ID subscribers

10  during the putative Class Period described herein.

11

12      **CLASS ACTION ALLEGATIONS**

13      29.    Description of the Class: Plaintiffs bring this nationwide class action on

14  behalf of themselves and a Class defined as follows:

15          *All persons located within the United States who subscribed to AT&T's*

16          *Caller ID service anytime from July 14, 2004, to the present*
        *("Class").*

17

18      30.    Excluded from the Class are governmental entities, Defendants, any entity

19  in which Defendants have a controlling interest, and Defendants' officers, directors,

20  affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries,

21  and assigns. Also excluded from the Class is any judge, justice, or judicial officer

22  presiding over this matter and the members of their immediate families and judicial

23  staff.

24

25      31.    Plaintiffs reserve the right to modify the Class description and the Class

26  period based on the results of discovery.

27

28

32.    Plaintiffs and the Class bring this action for equitable, injunctive, and declaratory relief pursuant to subdivisions (b)(1), (b)(2), and (b)(3) of Rule 23 of the Federal Rules of Civil Procedure.

33.    **Numerosity**:  The proposed Class is so numerous that individual joinder of all its members is impracticable.  Due to the nature of the trade and commerce involved, however, Plaintiffs believe that the total number of Class members is at least in the hundreds of thousands and members of the Class are numerous and geographically dispersed across the United States.  While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.  The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

34.    **Common Questions of Law and Fact Predominate**:  There are many questions of law and fact common to the representative Plaintiff and the Class, and those questions substantially predominate over any questions that may affect individual Class members.  Common questions of fact and law include, but are not limited to, the following:

        a.    Whether AT&T has a policy of not obtaining and providing to its Caller ID subscribers many of the names of incoming callers from outside AT&T's network;

        b.    Whether AT&T informs its Caller ID subscribers of the policy not to obtain and provide many of the names of incoming callers from outside AT&T's network;

c.    The extent to which AT&T failed to provide Plaintiffs and the Class names of incoming callers that are actually available, or not unavailable, to AT&T;

d.    Whether AT&T's practices regarding its Caller ID service are unjust or unreasonable;

e.    Whether AT&T's practices regarding its Caller ID services have caused AT&T to be unjustly enriched;

f.    Whether AT&T has failed to disclose material facts about its Caller ID service;

g.    Whether AT&T has breached its contract with Caller ID subscribers; and,

h.    Whether AT&T has engaged in an unfair, unlawful and/or fraudulent business practice.

35.    **Typicality**:  Plaintiffs' claims are typical of the claims of the members of the Class.  Plaintiffs and all members of the Class have been similarly affected by AT&T's common course of conduct since AT&T failed to disclose its policy or practice of not obtaining and providing the names of all "available" callers to its Caller ID subscribers.

36.    **Adequacy of Representation**:  Plaintiffs will fairly and adequately represent and protect the interests of the Class.  Plaintiffs have retained counsel with substantial experience in handling complex class action litigation.  Plaintiffs and their

1   counsel are committed to vigorously prosecuting this action on behalf of the Class and

2   have the financial resources to do so.  Neither Plaintiffs nor their counsel have any

3   interests adverse to those of the Class.

4

5        37.    **Superiority of a Class Action**:  Plaintiffs and the members of the Class

6   suffered, and will continue to suffer, harm as a result of AT&T's unlawful and

7   wrongful conduct.  A class action is superior to other available methods for the fair and

8   efficient adjudication of the present controversy.  Individual joinder of all members of

9   the class is impractical.  Even if individual class members had the resources to pursue

10  individual litigation, it would be unduly burdensome to the courts in which the

11  individual litigation would proceed.  Individual litigation magnifies the delay and

12  expense to all parties in the court system of resolving the controversies engendered by

13  AT&T's common course of conduct.  The class action device allows a single court to

14  provide the benefits of unitary adjudication, judicial economy, and the fair and efficient

15  handling of all class members' claims in a single forum.  The conduct of this action as a

16  class action conserves the resources of the parties and of the judicial system and

17  protects the rights of the class member.  Furthermore, for many, if not most, a class

18  action is the only feasible mechanism that allows therein an opportunity for legal

19  redress and justice.

20

21       38.    Adjudication of individual class member's claims with respect to AT&T

22  would, as a practical matter, be dispositive of the interests of other members not parties

23  to the adjudication and could substantially impair or impede the ability of other class

24  members to protect their interests.

25  /////

26  /////

27  /////

28  /////

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION: VIOLATION OF THE FEDERAL**

**COMMUNICATIONS ACT OF 1934, SECTIONS 201(b) ET AL.**

**(On Behalf of the Entire Plaintiff Class)**

39.   Plaintiffs incorporate by this reference the preceding allegations as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

40.   Title 47, section 201(b ) of the United States Code, part of the Federal Communications Act of 1934 ("Communications Act"), states as follows:

> All charges, practices, classifications, and regulations for and in connection with [providing] communication service, shall be just and reasonable, and any such charge, practice, classification, or regulation **that is unjust or unreasonable** is declared to be unlawful. . . (emphasis added).

Title 47, section 206 of the United States Code establishes that a common carrier that violates the Communications Act "shall be liable to the person or persons injured thereby for the full amount of damages sustained in consequence of any such violation of the provisions of this chapter . . ." Title 47, section 207 confirms that "any person claiming to be damaged by any common carrier subject to the [Communications Act] . . . may bring suit for the recovery of the damages . . . in any district court of the United States of competent jurisdiction . . ."

41.   AT&T's conduct described herein, specifically its failure to inform Caller ID subscribers of its policy not to provide them the names of incoming callers outside AT&T's network, constitutes an "unjust or unreasonable" practice in violation of section 201 the United States Code.

/////

/////

/////

42.    As a direct and proximate result of AT&T's misconduct as set forth herein, the Plaintiffs and the Class have been damaged and AT&T has been unjustly enriched with millions of dollars.

## SECOND CAUSE OF ACTION: UNJUST ENRICHMENT
### (On behalf of the Entire Plaintiff Class)

43.    Plaintiffs incorporate by this reference the preceding allegations as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

44.    As described herein, AT&T has received money belonging to Plaintiffs and the Class through the sale of a Caller ID service for which Plaintiffs and the Class do not receive the names of the "available" callers (or callers whose names are not "unavailable").

45.    AT&T has reaped substantial profit by concealing and/or misrepresenting its policy not to obtain the names of callers outside of AT&T's network in order to save itself millions of dollars to the detriment of its Caller ID subscribers.  Ultimately, this has resulted in AT&T's wrongful receipt of profits and injury to Plaintiffs and the Class.  AT&T has benefited from the receipt of such money that it would not have received but for its concealment and/or misrepresentation.

46.    As a direct and proximate result of Defendants' misconduct as set forth herein, AT&T has been unjustly enriched.

47.    Under principles of equity and good conscience, AT&T should not be permitted to keep the money belonging to Plaintiffs and the Class, which Defendants have unjustly received as a result of their actions.

## THIRD CAUSE OF ACTION: BREACH OF CONTRACT
## (On behalf of the Entire Plaintiff Class)

48.    Plaintiffs incorporate by this reference the preceding allegations as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

49.    As described herein, Plaintiffs and the Class are parties to a contract with AT&T in which AT&T promised to provide a Caller ID service that displays all available names, and in return, Plaintiffs and the Class agree to pay, and do in fact pay, monthly subscriber fees for the promised service.

50.    Every contract, including those alleged herein, imposes on each party a duty of good faith and fair dealing in performing under and enforcing the contract.

51.    AT&T has breached its contracts with Plaintiff and the Class, and the covenant of good faith and fair dealing applicable to each, by, among other things, failing to provide the names of all available callers because AT&T has determined it is financially expedient for it to do so, despite the availability of the names of out-of-network callers.

52.    As a direct and proximate result of AT&T's breaches of contract, Plaintiffs and the Class have suffered actual damages in an amount not presently known, but which will be shown by proof at time of trial, including incidental and consequential damages, interest, and reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION: FRAUDULENT NONDISCLOSURE
## (On behalf of the Entire Plaintiff Class)

53.    Plaintiffs incorporate by this reference the preceding allegations as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

54.    As alleged herein, Plaintiffs are informed and believe and thereon allege that AT&T has uniformly and materially: (a) failed to disclose to its Caller ID subscribers its policy not to obtain many of the names of callers outside of AT&T's network while falsely representing that it would provide all available (and non-blocked names); and (b) failed to disclose to its Caller ID subscribers that a substantial number of the calls indicating on the display screen that the caller name is "unavailable" or "unknown" is false and in fact such information is readily obtainable by AT&T.

55.    Plaintiffs are informed and believe and thereon allege, that in doing the things alleged above, AT&T has acted fraudulently and deceitfully with knowledge that Plaintiffs and the Class would rely on its actions and omissions. AT&T made the aforesaid material omissions and/or representations to induce Plaintiffs and the Class to act in reliance on the misrepresentations and statements.

56.    Plaintiffs and the Class at all times did reasonably and justifiably rely both directly and indirectly on the actions, omissions, and representations of AT&T.

57.    As a direct and proximate result of AT&T's fraud, Plaintiffs and the Class have suffered actual damages in an amount not presently known, but which will be shown by proof at time of trial, including incidental and consequential damages, interest, and reasonable attorneys' fees.

58.    Plaintiffs are informed and believe and thereon allege that AT&T undertook the aforesaid illegal acts intentionally or with conscious disregard of the rights of Plaintiffs and the Class, and did so with fraud, oppression, and malice. Therefore, Plaintiffs and the Class are also entitled to punitive damages against AT&T in an amount that will be shown by proof at trial.

# FIFTH CAUSE OF ACTION: VIOLATION OF UNFAIR COMPETITION AND CONSUMER PROTECTION LAWS

## (On behalf of the Entire Plaintiff Class)

59.    Plaintiffs incorporate by this reference the preceding allegations as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

60.    Plaintiffs have standing to pursue this claim as Plaintiffs have suffered injury in fact and have lost money or property as a result of AT&T's actions as set forth herein.

61.    This cause of action is brought on behalf of all people of the State of California in accordance with the provisions of California Business and Professions Code section 17204.  Class members have lost money or property as a result of AT&T's actions as set forth herein.

62.    AT&T's actions as alleged in this complaint constitute an unfair or deceptive business practice within the meaning of California Business and Professions Code section 17200 in that AT&T's actions are unfair, unlawful, and fraudulent, and because AT&T has made unfair, deceptive, untrue or misleading statements in advertising media, including the Internet, within the meaning of California Business and Professions Code sections 17500, et seq.

63.    AT&T's business practices, as alleged herein, are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are potentially mislead by AT&T's misrepresentation and/or concealment of the fact that it does not provide Caller ID subscribers with the available names of incoming callers,

1  and specifically fails to disclose its policy not to provide the names of out-of-network

2  callers.

3

4        64.    AT&T's business practices as alleged herein are unlawful because the

5  conduct constitutes false marketing and advertising and other causes of action alleged

6  herein.

7

8        65.    AT&T's business practices as alleged herein are fraudulent because they

9  are likely to deceive customers into believing that they will or are receiving the names

10  of all known or available callers when in fact that is not the case because AT&T

11  unilaterally decides to withhold names of out-of-network callers because it is

12  financially expedient for AT&T.

13

14        66.    AT&T's wrongful business practices constituted, and constitute, a

15  continuing course of conduct of unfair competition since AT&T is marketing and

16  selling its products in a manner likely to deceive the public.

17

18        67.    AT&T's wrongful business practices have caused injury to Plaintiffs and

19  the Class.

20

21        68.    Pursuant to section 17203 of the California Business and Professions

22  Code, Plaintiffs and the Class seek an order of this court enjoining AT&T from

23  continuing to engage in unlawful, unfair, or deceptive business practices and any other

24  act prohibited by law, including those set forth in the complaint.  Plaintiffs and the

25  Class also seek an order requiring AT&T to make full restitution of all moneys it

26  wrongfully obtained from Plaintiffs and the Class.

27

28

69.    In addition to violating California's Unfair Competition Law, AT&T has also violated California Civil Code sections 1750-1784 (the "Consumer Legal Remedies Act" or "CLRA") by engaging in the actions complained of herein.

70.    At all relevant times, Plaintiff and the Class were "consumers" as defined by California Civil Code section 1761(d).

71.    At all relevant times, AT&T's telecommunications services were "services" as defined in California Civil Code section 1761(d).

72.    At all relevant times, AT&T was a "person" as defined in California Civil Code section 1761(c).

73.    At all relevant times, Plaintiffs' and each Class member's subscription for Caller ID services constituted a "transaction" as defined in California Civil Code section 1761(e).

74.    As discussed herein, AT&T's unlawful scheme of withholding available caller information from its customers without disclosing its policy or practice to consumers violates the CLRA.

75.    Such actions by AT&T were and are oppressive, fraudulent, and malicious and were done with the intention of depriving Plaintiff and the Class of property and their legal rights, so as to justify an award of punitive damages. Moreover, Plaintiff and the Class are entitled to recover attorneys' fees and costs pursuant to California Civil Code section 1780(d).

1    76.    In compliance with section 1782 of the California Civil Code, Plaintiffs

2    have given written notice to AT&T of the intention to file an action for damages under

3    the CLRA. Plaintiffs have also requested that AT&T offer an appropriate correction

4    plus interest and other appropriate relief to all affected consumers.

5

6    77.    If AT&T fails, within 30 days after the notice sent pursuant to Section

7    1782, to adequately respond to Plaintiffs' demand to correct or otherwise rectify the

8    wrongful conduct described herein on behalf of all Class members, Plaintiffs will seek

9    for all Class members all actual and exemplary damages permitted for violations of the

10   CLRA (and any other comparable statutes the Court finds applicable), including

11   statutory damages of up to $1,000 per consumer and/or up to $5,000 per consumer who

12   qualifies as a "senior citizen" under the CLRA. In addition, Plaintiffs seek and are

13   entitled to, pursuant to section 1780(a)(2) of the California Civil Code, an order

14   enjoining the above-described wrongful conduct and practices of AT&T, providing

15   restitution and/or other appropriate equitable relief to all Class members who are so

16   entitled, ordering the payment of costs and attorneys' fees, and such other relief as

17   deemed appropriate and proper by the Court pursuant to section 1780 of the California

18   Civil Code. To the extent AT&T claims such relief has been waived by agreement,

19   pursuant to section 1751 of the California Civil Code, such claims are contrary to

20   public policy and by statute are void.

21

22   78.    In addition to violating the California statutes noted above, AT&T's

23   unlawful conduct described herein violates similar unfair and deceptive actions and

24   practices laws of the other applicable states within the United States.

25

26                        **PRAYER FOR RELIEF**

27   Wherefore, Plaintiffs and members of the Class request that the Court enter an

28   order or judgment against Defendants as follows:

1.  Certification of the proposed class and notice thereto to be paid by Defendants;

2.  Adjudge and decree that Defendants have engaged in the conduct alleged herein;

3.  For an injunction ordering AT&T to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;

4.  For restitution and disgorgement on certain causes of action;

5.  For compensatory and general damages according to proof on certain causes of action;

6.  For both pre and post-judgment interest at the maximum allowable rate on any amounts awarded;

7.  Costs of the proceedings herein;

8.  Reasonable attorneys' fees as allowed by statute; and,

9.  Any and all such other and further relief that this Court may deem just and proper, including but not limited to punitive damages.

/////
/////

1

## DEMAND FOR JURY TRIAL

2

Pursuant to Federal Rule of Civil procedure Section 38(b), Plaintiffs and the

3

Class demand a trial by jury on all issues so triable.

4

5

Dated: 7 - 16 - 08

DICKS & WORKMAN, APC

6

7

By:

8

Joseph G. Dicks,
Attorneys for Plaintiffs and proposed class

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

JOHN M. HIGDON, individually and on behalf of all others similarly situated

**(b)** County of Residence of First Listed Plaintiff   SANTA CLARA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Joseph G. Dicks, SBN 127362
Linda G. Workman, SBN 128621
(619) 685-6800

DICKS & WORKMAN, APC
750 B Street, Suite 2720
San Diego, CA  92101

## DEFENDANTS

(See "Attachment A")

County of Residence of First Listed Defendant    SOMERSET
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

C 08  03526   RS

E-filing

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [X] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury — | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl. Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | | **LABOR** | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | [ ] 710 Fair Labor Standards | **SOCIAL SECURITY** | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | Act | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | Product Liability | [ ] 385 Property Damage | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | Product Liability | [ ] 730 Labor/Mgmt.Reporting | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 790 Other Labor Litigation | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | [ ] 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | **Habeas Corpus:** | Security Act | [ ] 870 Taxes (U.S. Plaintiff | [ ] 895 Freedom of Information |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | | or Defendant) | Act |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party | [ ] 900 Appeal of Fee |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities – | [ ] 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Determination |
| | Employment | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | Under Equal Access |
| | [ ] 446 Amer. w/Disabilities – | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – | | to Justice |
| | Other | | Alien Detainee | | [ ] 950 Constitutionality of |
| | [ ] 440 Other Civil Rights | | [ ] 465 Other Immigration | | State Statutes |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from another district (specify)
- [ ] 6  Multidistrict Litigation
- [ ] 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332(d)

Brief description of cause:
Diversity jurisdiction for breach of contract, unjust enrichment, and violations of consumer protection

## VII. REQUESTED IN COMPLAINT:

[X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)

[ ] SAN FRANCISCO/OAKLAND    [X] SAN JOSE

DATE
July 16, 2008

SIGNATURE OF ATTORNEY OF RECORD

**ORIGINAL**

**Attachment A
to Civil Cover Sheet**

DEFENDANTS:

AT&T CORP., a New York corporation; BELLSOUTH CORPORATION dba AT&T SOUTH, a Georgia corporation; BELLSOUTH TELECOMMUNICATIONS, INC. dba AT&T ALABAMA, AT&T FLORIDA, AT&T GEORGIA, AT&T KENTUCKY, AT&T LOUISIANA, AT&T MISSISSIPPI, AT&T NORTH CAROLINA, AT&T SOUTH CAROLINA, and AT&T TENNESSEE, a Georgia corporation; ILLINOIS BELL TELEPHONE COMPANY dba AT&T ILLINOIS, an Illinois corporation; INDIANA BELL TELEPHONE COMPANY, INC. dba AT&T INDIANA, an Indiana corporation; MICHIGAN BELL TELEPHONE COMPANY dba AT&T MICHIGAN, a Michigan corporation; NEVADA BELL TELEPHONE COMPANY dba AT&T NEVADA, a Nevada corporation; THE OHIO BELL TELEPHONE COMPANY dba AT&T OHIO, an Ohio corporation; PACIFIC BELL TELEPHONE COMPANY dba AT&T CALIFORNIA, a California corporation; SOUTHERN NEW ENGLAND TELECOMMUNICATIONS COMPANY dba AT&T CONNECTICUT, a Connecticut corporation; SOUTHWESTERN BELL TELEPHONE COMPANY dba AT&T SOUTHWEST, AT&T ARKANSAS, AT&T KANSAS, AT&T MISSOURI, AT&T OKLAHOMA, and AT&T TEXAS, a Missouri corporation; WISCONSIN BELL, INC. dba AT&T WISCONSIN, a Wisconsin corporation; and DOES 1 through 250, inclusive