*E-Filed 05/20/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN M. HIGDON, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br>　v.<br><br>PACIFIC BELL TELEPHONE COMPANY, d/b/a AT&T CALIFORNIA, a California Corporation,<br><br>　　　　　Defendant.<br>_____/ | No. C 08-03526 RS<br><br>**ORDER OF DISMISSAL** |

This putative class action filed by plaintiff John M. Higdon challenges the Caller ID practices employed by defendant Pacific Bell Telephone Company, d/b/a AT&T California ("AT&T"). In an order dated April 2, 2010 (the "April 2 Order"), the Court granted in part AT&T's Rule 12(b)(6) motion and dismissed the Federal Communications Act ("FCA") claim of Higdon's fourth amended complaint ("4th AC"). The remainder of AT&T's motion to dismiss was deferred pending supplemental briefing by the parties regarding the Court's jurisdiction in this case.

The FCA claim was the only federal claim asserted in the 4th AC. The remaining claims—violation of Cal. Pub. Util. Code § 2106, unjust enrichment, breach of contract, fraudulent nondisclosure, and violation of state unfair competition and consumer protection laws—arise under

state law. In the absence of a federal question, the only possible remaining basis for federal jurisdiction in this case is the Class Action Fairness Act ("CAFA"). In order to determine whether to address the remainder of AT&T's motion to dismiss, the Court must first consider whether CAFA applies here.

CAFA provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000,[1] exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(d)(2)(A). The statute qualifies this conferral of jurisdiction, however, as follows: "[a] district court *shall* decline to exercise jurisdiction under paragraph (2) . . . [when] two-thirds or more of the members of all proposed plaintiff classes are in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." *Id.* § 1332(d)(4)(B) (emphasis added). In addition to this mandatory exception to CAFA jurisdiction, the statute also includes a discretionary exception: "[a] district court *may*, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed[.]" *Id.* § 1332(d)(3) (emphasis added). In addition to "the interests of justice" and "the totality of the circumstances," the court's discretion is governed by six statutory factors:

> (A) whether the claims asserted involve matters of national or interstate interest;
> (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
> (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
> (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
> (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
> (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

---

[1] There is no dispute in this case concerning amount-in-controversy.

*Id.*

In this case, the putative class in the 4th AC is defined as "All persons and entities located within the State of California who have subscribed to AT&T's Caller ID service anytime from July 14, 2004, to the present." 4th AC at 2. In their supplemental briefs, the parties agree that the 4th AC's formulation of the putative class likely brings the case under CAFA's discretionary exception, § 1332(d)(3). Plaintiff's Supplemental Brief at 6-7; Defendant's Supplemental Brief at 1-2 n.2. Further, Higdon, while contending that the 4th AC adequately pleads minimum CAFA jurisdiction, nonetheless acknowledges that "questions requiring factual support and class discovery exist as to whether mandatory abstention [under § 1332(d)(4)] could apply." Plaintiff's Supplemental Brief at 6.[2]

Ordinarily, the party seeking to invoke federal diversity jurisdiction must bear the burden of establishing that the court may properly exercise such jurisdiction. *Kohler v. Inter-Tel Techs.*, 244 F.3d 1167, 1170 n.3 (2001). In this case, Higdon filed his initial complaint in federal court in July 2008, so the burden of establishing federal jurisdiction must lie with him. His supplemental brief, however, makes little attempt to meet this burden; indeed, it is unclear that Higdon even wishes to remain in federal court now that the FCA claim has been dismissed. He states:

> Plaintiff respectfully responds to the Order for supplemental briefing by noting that while the complaint does plead proper minimum diversity for CAFA jurisdiction, . . . Plaintiff respectfully submits that where it serves judicial economy and does not prejudice the parties, *the best course may be to dismiss the case now without prejudice* so that it may be pursued by a California court, which would have no jurisdictional concerns.

Plaintiff's Supplemental Brief at 8 (emphasis added). Despite this apparent preference for dismissal, Higdon has not chosen to exercise his right to take a voluntary dismissal without prejudice in this Court, in order to re-file his action in state court. *See* Fed. R. Civ. P.(a)(1)(A)(i) (providing that

---

[2] AT&T adds that, "[u]nfortunately, [its] records do not distinguish or even indicate citizenship or residency of its customers; rather, [AT&T]'s records only indicate the location of where service is provided, and whether a customer is a residential customer or a business customer. Accordingly, [AT&T] is unable to provide any insight into the state citizenship of its customers. As pointed out by Plaintiff, customers could be residing in California and receiving service, while still be[ing] citizens of another state (e.g. multi-state businesses)." Defendant's Supplemental Brief at 1-2 n.2. Thus it appears that the "questions requiring factual support and class discovery" mentioned by Higdon would not necessarily be simple to resolve.

NO. C 08-03526 RS
ORDER

3

"plaintiff may dismiss an action without a court order by filing: . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment"). Nonetheless, since the plaintiff—the party with the burden of establishing federal jurisdiction—has effectively conceded that the Court should decline to exercise its discretion under paragraph (3) of CAFA, this case appears ripe for dismissal.

AT&T, however, unlike Higdon, has no ambivalence about the forum and clearly states its preference for federal court. It urges the Court to consider only Higdon's initial complaint from July 2008, rather than the 4th AC, in considering the question of CAFA jurisdiction. That version of the complaint provides a much more expansive definition of the putative class: "All persons located within the United States who have subscribed to AT&T's Caller ID service anytime from July 14, 2004, to the present." Complaint at 2. Under this class definition, the existence of CAFA jurisdiction is self-evident.

As the basis for its argument, AT&T cites *Freeport-McMoran, Inc. v. K.N. Energy, Inc.* for the proposition that "if diversity jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." 498 U.S. 426, 428 (1991); *see also Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 757 (9th Cir. 1999) (noting that "diversity jurisdiction is determined at the time the action commences"). *Freeport*, however, has consistently been construed narrowly in the Ninth Circuit and elsewhere. *See, e.g.*, *Hill*, 179 F.3d at 757 (construing Freeport to stand for the limited proposition that "a federal court is not divested of jurisdiction if a party subsequently moves to another state"); *Mattel, Inc. v. Bryant*, 446 F.3d 1011, 1013 (9th Cir. 2006) (construing *Freeport* to stand for the limited proposition that "the presence of a nondiverse and not indispensable defendant intervenor does not destroy complete diversity"). Although the Ninth Circuit has not directly addressed the question, other circuits have noted that it makes no sense to construe *Freeport* to allow a plaintiff to circumvent the requirement of complete diversity simply by suing one or more joint tortfeasors and then adding via amended complaint any and all non-diverse joint tortfeasors. *E.g.*, *Martinez v. Duke Energy Corp.*, 130 F. App'x 629, 634-35 (4th Cir. 2005) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365 (1978)). This is an analogous

situation: it would make no sense to allow Higdon to invoke CAFA jurisdiction by positing a broad, nationwide class in his initial complaint, and then allow him to retain such jurisdiction even if he narrows the putative class beyond the reach of CAFA in subsequent amended complaints. For this reason, AT&T's argument as to CAFA jurisdiction is unpersuasive.

Dismissal is further supported by the fact that the six discretionary factors listed in §1332(d)(3) (at least those on which the Court has information) largely weigh in favor of declining to exercise discretionary jurisdiction. The remaining claims are based solely on state law and do not involve matters of national or interstate interest; and the number of citizens of California in the aggregate appears substantially larger than the number of citizens from any other state, and the citizenship of the other members of the proposed class is dispersed among a substantial number of states.

In light of these considerations, this case will be dismissed for lack of subject matter jurisdiction. The Court expresses no opinion as to the merits of Higdon's remaining claims.

IT IS SO ORDERED.

Dated: 05/20/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE